NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

INES G. SUAREZ,

       Plaintiff - Appellant,

  v.

REAL TIME RESOLUTIONS,
INC.; YAKTE PROPERTIES LLC,

       Defendants - Appellees.

No. 23-3544

D.C. No.
5:23-cv-00391-SSS-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Argued and Submitted November 5, 2024
Pasadena, California

Before: SCHROEDER, CALLAHAN, and WALLACH, Circuit Judges.[**]

Plaintiff-Appellant Ines G. Suarez appeals from the dismissal of her

diversity action raising claims under California law.  In 2007, she took out a home

equity line of credit (HELOC) secured by her home.  Despite a foreclosure sale in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

2023, she continues to live in the home. She originally filed this action to block the foreclosure and sale, and when that effort was unsuccessful, amended her complaint to invalidate the sale and seek damages from the loan collection agent, Real Time Resolutions, Inc. (RTR), and the home purchaser, Yakte Properties LLC. The allegations in the complaint are difficult to decipher. The district court dismissed the complaint because the allegations did not show that Defendants breached any duty owed to her, or acted in a manner that would void the sale.

On appeal it appears that the underlying dispute may have been over the amount that Plaintiff owed on the HELOC. Plaintiff alleges that she did not receive periodic statements of what was owed and how she should pay. She also alleges that in 2009, an employee of Bank of America, an interim servicer of her loan, told her that her lender could never collect on the loan because of its priority status, and she made no further payments on the loan.

It is apparent that starting in 2007, Plaintiff borrowed a substantial sum of money using her home as collateral, and she has not repaid it. Plaintiff maintains that the amount she owed was less than RTR tried to recover from her, but has not alleged or acknowledged the amount that she did owe. Plaintiff has not alleged any fraud, promises, or breach of a contractual relationship attributable to Defendants. Fraud requires a misrepresentation by Defendants upon which she justifiably relied. *See Lazar v. Superior Ct.*, 909 P.2d 981, 984 (Cal. 1996).

Promissory estoppel requires that Defendants made her a promise. *See Aton Ctr., Inc. v. United Healthcare Ins. Co.*, 311 Cal. Rptr. 3d 564, 591 (Cal. Ct. App. 2023). Breach of contract and of the implied covenant of good faith and fair dealing require a contractual relationship between the parties at the time of the breach. *See Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011); *Smith v. City & County of San Francisco*, 275 Cal. Rptr. 17, 49 (Cal. Ct. App. 1990). Yet Plaintiff's allegations do not state any of these necessary elements of her claims. Nor do the allegations provide a basis for voiding the foreclosure instruments, as cancellation of cloud on title requires, *see U.S. Bank Nat'l Ass'n v. Naifeh*, 205 Cal. Rptr. 3d 120, 128 (Cal. Ct. App. 2016), or indicate that she repaid her debt, as a quiet title claim requires, *see Mendoza v. JPMorgan Chase Bank, N.A.*, 212 Cal. Rptr. 3d 1, 15 (Cal. Ct. App. 2016). Plaintiff's civil extortion theory fails too because we have no California authority recognizing that cause of action. Plaintiff has not identified amendments that would cure any of these deficiencies. Accordingly, it was proper for the district court to dismiss her complaint with prejudice. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011).

Plaintiff's Motion for Judicial Notice (Docket Entry No. 43) is granted.

**AFFIRMED.**

23-3544